UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ITECH US, INC.,**<br><br>    Plaintiff,<br><br>  v.<br><br>**KENNETH T. CUCCINELLI, II,** Acting Director, United States Citizenship and Immigration Services<br><br>    Defendant. | Case No. 19-cv-3352 (CRC) |

### MEMORANDUM OPINION

Vermont-based information technology company iTech U.S., Inc. filed a form I-140 "Immigration Petition for Alien Worker" with U.S. Citizenship and Immigration Services ("USCIS") in the hopes of obtaining a visa for a prospective employee. USCIS initially approved the petition but later revoked it, citing purported discrepancies in the name of the school that granted the employee's engineering degree. Decrying the seemingly picayune grounds for the agency's about face, iTech now seeks judicial review of the revocation under the Administrative Procedure Act. In so doing, however, iTech swims against a tide of authority from no fewer than nine circuits and four fellow courts in this district holding that Congress placed visa revocation decisions like this one within the unreviewable discretion of the executive branch. Going with the (considerable) flow, the Court will grant the government's motion to dismiss the case for lack of jurisdiction.

\* \* \*

As the government argues in its motion, the Court lacks jurisdiction to consider iTech's claim because two interlocking sections of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, et seq., preclude judicial review. The first, § 1252(a)(2), provides:

> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review—
>
>> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>>
>> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

The second, § 1155, states:

> The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title.

It is undisputed that I-140 petitions are among the petitions that fall within the Secretary's § 1155 revocation authority and that the Secretary has delegated that authority to USCIS. See 6 U.S.C. § 271(b)(1); 8 C.F.R. § 205.2(a). Under the plain text of the above provisions, the Secretary's ability to revoke a I-140 petition "at any time" and for any reason he "deems to be good and sufficient cause" renders USCIS's revocation decision "discretionary" under § 1155. Section 1252(a)(2)(B)(ii), in turn, deprives the Court of jurisdiction to review the decision.

The Court is far from alone in reaching this conclusion. Although one could say there is a "split" among the circuits as to whether these INA provisions deprive courts of jurisdiction to consider challenges to petition-revocation decisions, "the balance of authority is so heavily weighted to one side as to almost tip over the scale." Karakenyan v. USCIS, No. CV 20-346 (JEB), 2020 WL 3412572, at *4 (D.D.C. June 22, 2020). On one side of the balance, nine federal courts of appeals have held (and a tenth has said in *dicta*) that courts lack jurisdiction to consider such claims. See Bernardo ex rel. M & K Eng'g, Inc. v. Johnson, 814 F.3d 481, 484 (1st Cir. 2016) (concluding that a revocation decision "is discretionary, and so not subject to

2

judicial review"); Firstland Int'l Inc. v. INS, 377 F.3d 127, 131 (2d Cir. 2004) (observing in *dicta* that "the substance of the decision that there should be a revocation is committed to the discretion of the Attorney General"); Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 205 (3d Cir. 2006) (concluding that the revocation of an approved petition at the Secretary's discretion and affirming that "the District Court . . . lacked jurisdiction to review"); Polfliet v. Cuccinelli, 955 F.3d 377, 381, 383, (4th Cir. 2020) (holding that the analysis "begins and ends with the plain language of the statute" which makes it clear that § 1155 is discretionary and thus "barred by § 1252(a)(2)(B)(ii)" from judicial review); Ghanem v. Upchurch, 481 F.3d 222, 224 (5th Cir. 2007) (finding the statutory language to indicate that § 1155 was discretionary and courts were stripped of jurisdiction to review it); Mehanna v. USCIS, 677 F.3d 312, 315 (6th Cir. 2012) (holding "that the Secretary's decision to revoke a visa petition under § 1155 is an act of discretion that Congress has removed from our review"); El-Khader v. Monica, 366 F.3d 562, 567-68 (7th Cir. 2004) (holding that revocation of a visa petition under § 1155 is precluded, *so long as* that discretion is discretionary in nature" (emphasis in original)); Abdelwahab v. Frazier, 578 F.3d 817, 821 (8th Cir. 2009) (agreeing with sister circuits that § 1155 revocations are discretionary and not subject to judicial review); Green v. Napolitano, 627 F.3d 1341, 1345 (10th Cir. 2010) (holding a "visa revocation under § 1155 is a discretionary decision subject to the jurisdiction-stripping provisions of § 1252(a)(2)(B)(ii)"); Sands v. U.S. Dep't of Homeland Sec., 308 Fed. App'x 418, 419-20 (11th Cir. 2009) (per curiam) (explaining the phrase "this subchapter" in § 1252(a)(2)(B) includes § 1155, and that the district court was thus stripped of jurisdiction).

Alone on the other side sits the Ninth Circuit, which sixteen years ago concluded in a divided panel opinion that § 1155's reference to "good and sufficient cause" provides a

justiciable standard for reviewing petition-revocation decisions. ANA Int'l Inc. v. Way, 393 F.3d 886, 893-95 (9th Cir. 2004). But even it has recently expressed misgivings about that conclusion. See Poursina v. USCIS, 936 F.3d 868, 875 (9th Cir. 2019) (describing the Circuit's position as "an outlier among the federal circuit courts" and declining to "extend such decision beyond its narrow holding").

While the D.C. Circuit has yet to weigh in, the four district courts in this Circuit that have addressed this question have all concluded that courts lack jurisdiction to consider challenges to USCIS's petition-revocation decisions. See Karakenyan, 2020 WL 3412572, at *5 (determining "that a decision made pursuant to § 1155 qualifies as 'discretionary' under the INA" and is "not reviewable [as] compelled by the text of the provision."); Raval v. USCIS, 369 F. Supp. 3d 205, 212 (D.D.C. 2019) (holding that "Congress has stripped courts of jurisdiction to hear plaintiff's challenge to the revocation of . . . [the] I-140 petition"); Mohammad v. Napolitano, 680 F. Supp. 2d 1, 6 (D.D.C. 2009) (concluding that upon a "review[] [of] the plain language of § 1155 . . . the terms 'may,' 'at any time,' and 'deems,' [meant] Congress specified that the authority to make revocation decisions was within the discretion of defendants, and therefore outside the scope of this Court's review"); Systronics Corp. v. INS, 153 F. Supp. 2d 7, 12 (D.D.C. 2001) (finding the language of § 1155 "clear and unambiguous" that the revocation was "in the discretion of the Attorney General and unreviewable").

Laboring gamely against this weight of authority, iTech insists that § 1155 revocations are in fact not discretionary and urges the Court to exercise jurisdiction over its claim. It raises four points in support of its position: two relying on the statutory construction of § 1252(a)(2)(B), one based on the express language of § 1155, and one resting on an

interpretation of the phrase "good and sufficient cause" by the Board of Immigration Appeals ("BIA") that iTech says cabins USCIS's discretion. The Court takes each point in turn.

First, iTech maintains that the heading of § 1252(a)(2)(B), "Denials of discretionary *relief*," shows that the statute does not cover § 1155 revocations, because revocation of an I-140 petition is not a form of "relief." iTech notes, furthermore, that unlike petition revocations, the actions specifically delineated in § 1252(a)(2)(B)(i)—waivers of inadmissibility under §§ 1182(h) and (i), cancellations of removal under § 1229b, voluntary departures under § 1229c, and adjustments of status under § 1255—are all properly considered forms of relief. Perhaps. The rub, however, is that "the heading of a Section cannot limit the plain meaning of the text." Bhd. Of R.R. Trainmen v. Baltimore & Ohio Ry. Co., 331 U.S. 519, 529 (1879). And § 1252(a)(2)(B)(ii) plainly states that the jurisdictional bar applies to any decision "*under this subchapter* to be in the discretion of the Attorney General or the Secretary." (emphasis added). Of course, "this subchapter" includes § 1155. See Sands, 308 Fed. App'x at 420 ("The phrase 'this subchapter' includes . . . § 1155."). Section 1252(a)(2)(B)(ii)'s jurisdictional bar thus applies to § 1155 revocations, notwithstanding the section's title.

iTech next invokes the canon *ejusdem generis*, the principle that "when a general term follows a specific one, the general term should be understood as a reference to subjects akin to the one with specific enumeration." Norfolk & Western Ry. Co. v. Train Dispatchers, 499 U.S. 117, 129 (1991). iTech contends that, read in context, § 1252(a)(2)(B)(ii), which applies to "any other decision or action . . . the authority for which is specified under this subchapter to be in the discretion of [USCIS]," is limited to "decisions or actions" that are similar to those explicitly listed in § 1252(a)(2)(B)(i)—again, waivers of inadmissibility under §§ 1182(h) and (i), cancellations of removal under § 1229b, voluntary departures under § 1229c, and adjustments of

status under § 1255.  Because § 1155 revocations are different in nature from the specifically enumerated provisions, iTech reasons, the phrase "any other decision or action" cannot be interpreted as including actions taken under § 1155.  This reasoning fails, however, because *ejusdem generis* applies only where the text of the statute is ambiguous, United States v. Powell, 423 U.S. 87, 91 (1950), and does not apply "when the whole [statutory] context dictates a different conclusion." Train Dispatchers, 499 U.S. at 129.  Here, the Supreme Court has authoritatively construed the phrase "any other decision" in § 1252(a)(2)(B)(ii), so there is no ambiguity.  In Kucana v. Holder, the Court explained that that "[t]he proximity of clauses [§ 1252(a)(2)(B)](i) and (ii) and the words linking them— 'any other decision'—suggests that Congress had in mind decisions of the same genre, *i.e.*, those "made discretionary by legislation." 558 U.S. 233, 246-47 (2010) (emphasis added).  "Read harmoniously," the Court found, "both clauses convey that Congress barred review of discretionary decisions only when Congress itself set out the [Secretary's] discretionary authority in the statute." Id.  So, while iTech is correct that the catchall phrase "any other decision" must include decisions of the same kind, the Supreme Court has characterized the kind of decisions covered by § 1252(a)(2)(B) as those left to the Secretary's discretion, of which a § 1155 petition revocation is plainly one.  See Doe v. McAleenan, 926 F.3d 910, 913 (7th Cir. 2019) ("[I]t's hard to imagine a clearer grant of discretion [than § 1155].").

Undaunted, iTech next observes that § 1252(a)(2)(B)(ii) only removes from judicial review decisions "specified" to be in the Secretary's discretion and argues that because § 1155 does not *expressly* state that petition revocations are within the Secretary's "discretion," their review is permitted.  Not so.  As the D.C. Circuit has observed with regard to other provisions of the INA, magic words are not required to convey discretion.  See Zhu v. Gonzales, 411 F.3d 292,

6

294-95 (D.C. Cir. 2005) ("We think it unlikely the Congress intended that, regardless of context, no grant of authority to the Attorney General be deemed discretionary unless it uses the word 'discretion.'"). Rather, by authorizing the Secretary of Homeland Security to revoke visa petitions "at any time" and "for what he deems to be good and sufficient cause," Congress clearly "specified" that the Secretary's decisions are discretionary. See id. (finding the use of "may" and "deem" in 8 U.S.C. § 1153(b)(2)(B)(i) committed discretion to the Attorney General); see also Mohammad, 680 F. Supp. 2d at 6 ("While it would undoubtedly simplify matters if Congress used the word 'discretion' each time that it intended to specify that a decision or action was in the discretion of the Attorney General, there simply is no such requirement.").

Next, iTech argues that the Secretary is bound by the BIA's interpretation of the statutory language "for good and sufficient cause," which iTech says incorporates evidentiary standards that cabin his discretion under § 1155. This argument also misses the mark. While the BIA may have seen fit to distill a standard for determining when there is "good and sufficient cause," the statute itself contains no such standard and "there is no indication that *Congress* intended to so constrain the Secretary's discretion." Bernardo, 814 F.3d at 491 (emphasis added). Quite the opposite. By permitting the Secretary to revoke a petition "for what he deems to be" sufficient cause, Congress clearly indicated its intent to make the Secretary's authority discretionary. Holding the Secretary to BIA's interpretation of "good and sufficient cause," as iTech urges, would require the Court to read the immediately preceding phase—"for what he deems to be"—out of the statute entirely. The Court may not do that. Wash. Mkt. Co. v. Hoffman, 101 U.S. 112, 115 (1879) ("[A] cardinal rule of statutory construction [is] that significance and effect shall, if possible, be accorded to every word."). As the Fifth Circuit held in rejecting a similar argument, the plain text of § 1155 "read in context and as as a whole" indicates that the statute

"vest[s] complete discretion in the Secretary to determine what constitutes good and sufficient cause. To suggest otherwise and create a judicial standard . . . for good and sufficient cause would replace the Secretary's judgment with judicial oversight clearly not contemplated by the statute." Ghanem, 481 F.3d at 223-25.

Pressing the point, iTech argues that Congress ratified the BIA's interpretation of "good and reasonable cause" by twice reenacting § 1155 after the BIA adopted the standard. The First Circuit squarely rejected that argument in Bernardo, finding no "affirmative indication from Congress that it intended to ratify [the BIA's] interpretations" and no evidence that Congress was even aware of the BIAs' interpretation at the time of the reenactments. 814 F.3d at 490. iTech argues that Bernardo overlooked the fact that Congress had previously made BIA decisions controlling on officials who implement the immigration laws. But that is a separate question from whether Congress was aware of the specific interpretation at issue and expressed its intent to ratify it. See id. In any event, the phrase "good and sufficient" must be read in context with the rest of § 1155, which, as noted above, plainly grants subjective discretion to the Secretary.

With one last swing of the bat, iTech contends that all its arguments taken together—the statutory construction of § 1252(a)(2)(B)(ii), the language of § 1155, and BIA's "binding" interpretation of "good and sufficient cause"—create sufficient ambiguity regarding whether § 1155 revocations are discretionary to trigger the presumption in favor of judicial review. Kucana, 558 U.S. at 251-52. Another miss. As addressed above, each of iTech's four independent arguments fails on its own terms and they do not exceed the sum of their parts in aggregation. Congress's "fairly discernible" intent to vest I-140 revocations decisions in the discretion of the Secretary of Homeland Security rebuts any presumption of judicial review. Block v. Cmty. Nutrition Inst., 467 U.S. 340, 351 (1984).

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order shall accompany this memorandum opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  July 24, 2020

9